IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON BRANCIFORT<br>3020 Leesburgh Trail<br>Woodstock, GA 30189 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| MUSIC BOX SUPPER CLUB LLC<br>1148 Main Avenue<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Music Box Supper Club LLC<br>c/o 2112 East Ohio Service Corp.<br>200 Public Square, Suite 3000<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| MIKE MILLER<br>c/o Music Box Supper Club LLC<br>1148 Main Avenue<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Shannon Brancifort, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES AND VENUE

1. Brancifort is a resident of the city of Woodstock, county of Cherokee, state of Georgia.

2. Music Box Supper Club LLC ("Music Box") is a domestic limited liability company that operated a business located at 1148 Main Avenue, Cleveland, Ohio 44113.

3. Music Box was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 621 *et seq.*

4. Music Box was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Upon information and belief, Defendant Mike Miller is a resident of the state of Ohio.

6. Miller made and/or participated in the adverse actions asserted herein.

## JURISDICTION & VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Pavlik is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

8. All material events alleged in this Complaint occurred in Cuyahoga County.

9. This Court has supplemental jurisdiction over Pavlik's state law claims pursuant to 28 U.S.C. § 1367 as Pavlik's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11. Within two years of the conduct alleged below, Brancifort filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-02068 against Music Box.

12. On or about September 16, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Brancifort regarding the Charges of Discrimination.

13. Brancifort received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

14. Brancifort has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

15. Brancifort is a former employee of Music Box.

16. Brancifort began working for Music Box on or around December 7, 2015.

17. Music Box employed Brancifort as the Wedding and Social Events Manager.

18. Mike Miller was Brancifort's immediate supervisor.

19. During all material events asserted herein, Miller has and/or had authority to hire, fire, and/or discipline employees.

20. During her employment, Brancifort witnessed Miller making several discriminatory comments regarding age.

21. During her employment, Miller made several discriminatory comments regarding Brancifort's age.

22. During her employment, Defendant did not provide Brancifort with any raises.

23. During her employment, Defendant provided raises to younger employees.

24. Defendant did not provide Brancifort with any raises because of her age.

25. During her employment, Defendant employed a Corporate Events employee.

26. The Corporate Events employee is significantly younger than Brancifort.

27. During her employment, Brancifort performed the same duties that the Corporate Events employee performed.

28. During the COVID-19 pandemic, Defendant supplemented the Corporate Events employee's pay.

29. During the COVID-19 pandemic, Defendant did not supplement Brancifort's pay.

30. During her employment, Defendant supplemented the Corporate Events employee's pay while not supplementing Brancifort's pay, despite performing the same work under the same conditions ("Unequal Pay").

31. Defendant made the Unequal Pay because of Brancifort's age.

32. Brancifort complained to Miller about the age discrimination she endured ("Discrimination Complaint").

33. During the Discrimination Complaint, Brancifort notified Miller of the Unequal Pay.

34. During the Discrimination Complaint, Brancifort complained about the discriminatory age comments from Miller.

35. Miller had a duty to investigate the Discrimination Complaint.

36. Upon information and belief, Defendant has a policy requiring investigations following receipt of a complaint of discrimination.

37. An investigation should include interviewing the complainant.

38. An investigation should include interviewing the subject of the complaint.

39. An investigation should include interviewing the subject of the reported incident.

40. An investigation should include interviewing witnesses to the reported incident.

41. An investigation should include getting a written statement from the complainant.

42. An investigation should include getting a written statement from the subject of the complaint.

43. An investigation should include getting a written statement from the subject of the reported incident.

44. In response to Brancifort's complaint of discrimination, Miller did not interview any potential witnesses.

45. In response to Brancifort's complaint of discrimination, Miller did not get a written statement from Brancifort.

46. In response to Brancifort's complaint of discrimination, Miller did not get a written statement from any potential witnesses.

47. In response to Brancifort's complaint of discrimination, Miller did not take corrective action to remedy the discrimination.

48. Miller ratified the discriminatory conduct in failing to conduct an investigation into Brancifort's discrimination complaint.

49. Miller ratified the discriminatory conduct in failing to take corrective action following Brancifort's discrimination complaint.

50. Following the Discrimination Complaint, Miller yelled at Brancifort in front of her coworkers.

51. Miller yelled at Brancifort in front of her coworkers in retaliation for making the Discrimination Complaint.

52. Miller yelling at Brancifort in front of her coworkers could have dissuaded a reasonable worker for Defendant from making or supporting a charge of discrimination.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 *et seq*.**

53. Brancifort restates each and every prior paragraph of this complaint, as if it were fully restated herein.

54. Brancifort was 51 years old at the time of the Unequal Pay.

55. At all times relevant, Brancifort was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq*.

56. Defendant treated Brancifort differently from other similarly situated employees based on her age.

57. Brancifort was fully qualified for her position and employment with the Defendant.

58. Brancifort, at age 51, was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq.* at the time of the Unequal Pay.

59. The Corporate Events employee involved in the Unequal Pay was a person who was significantly younger and/or not belonging to the protected class under 29 U.S.C. § 621 *et seq.*

60. Defendant violated 29 U.S.C. § 621 *et seq.* by discriminating against Brancifort based on her age.

61. Brancifort suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 29 U.S.C. § 621 *et seq.*

62. As a direct and proximate result of the Defendant's conduct, Brancifort suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

63. Brancifort restates each and every prior paragraph of this complaint, as if it were fully restated herein.

64. Brancifort was 51 years old at the time of the Unequal Pay.

65. At all times relevant, Brancifort was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.*

66. Defendant treated Brancifort differently from other similarly situated employees based on her age.

67. Brancifort was fully qualified for her position and employment with the Defendant.

68. Brancifort, at age 51, was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.* at the time of the Unequal Pay.

69. The Corporate Events employee involved in the Unequal Pay was a person who was significantly younger and/or not belonging to the protected class under R.C. §4112.14(B).

70. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Brancifort based on her age.

71. Brancifort suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

72. As a direct and proximate result of the Defendant's conduct, Brancifort suffered and will continue to suffer damages, including economic and emotional distress damages.

### **COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.***

73. Brancifort restates each and every prior paragraph of this complaint, as if it were fully restated herein.

74. As a result of the Defendant's discriminatory conduct described above, Brancifort complained about the age discrimination she was experiencing.

75. Subsequent to the Discrimination Complaint, Miller yelled at Brancifort in front of her coworkers.

76. Defendant's actions were retaliatory in nature based on Brancifort's opposition to the unlawful discriminatory conduct.

77. Brancifort suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq.*

78. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Brancifort, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## **COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.01** *et seq.*

79. Brancifort restates each and every prior paragraph of this complaint, as if it were fully restated herein.
80. As a result of the Defendant's discriminatory conduct described above, Brancifort complained about the age discrimination she was experiencing.
81. Subsequent to the Discrimination Complaint, Miller yelled at Brancifort in front of her coworkers.
82. Defendant's actions were retaliatory in nature based on Brancifort 's opposition to the unlawful discriminatory conduct.
83. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"
84. Brancifort suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.
85. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Brancifort, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: VIOLATION OF THE OHIO EQUAL PAY ACT

86. Brancifort restates each and every prior paragraph of this complaint, as if it were fully restated herein.

87. During Brancifort's employment, Defendant made the Unequal Pay.

88. During the Unequal Pay, at age 51, Brancifort was in a protected class due to her age.

89. The Corporate Events employee is significantly younger than Brancifort.

90. During the Unequal Pay, Brancifort and the Corporate Events employee performed the same duties.

91. During the Unequal Pay, the duties that Brancifort and the Corporate Events employee performed required the same skill, effort, and responsibility.

92. During the Unequal Pay, the duties that Brancifort and the Corporate Events employee performed were done under similar conditions.

93. Brancifort notified Defendant of the Unequal Pay.

94. Defendant failed to remedy the Unequal Pay.

95. Defendant violated R.C. § 4111.17(A) when it made the Unequal Pay.

96. As a direct and proximate result of the Defendant's conduct, Brancifort is entitled to statutory damages, including attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Brancifort demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Brancifort to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Brancifort for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Brancifort's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

        Respectfully submitted,

*/s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: Taurean.Shattuck@spitzlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff Shannon Brancifort demands a trial by jury by the maximum number of jurors permitted.

    */s/ Taurean J. Shattuck*
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**